**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5537-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARK BOND,

    Defendant-Appellant.

_____

Submitted December 10, 2019 – Decided February 6, 2020

Before Judges Hoffman and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 12-12-2513.

Joseph E. Krakora, Public Defender, attorney for appellant (Elizabeth H. Smith, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel and on the brief).

PER CURIAM

Defendant Mark Bond appeals from a February 21, 2018 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I

In 2013, as part of a plea agreement, defendant pleaded guilty to two counts of possession with intent to distribute a controlled dangerous substance (CDS), one second-degree charge and one third-degree charge, in violation of N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(2) and (3). The charges stemmed from substances seized in a no-knock police search of defendant's home on June 29, 2012. Defendant's plea agreement provided he would receive a five-year Drug Court special probationary sentence; however, if he violated his special probation, he would receive a fourteen-year prison term, with fifty-four months of parole ineligibility. Pursuant to the plea agreement, the court dismissed three counts charging related third-degree offenses.

At his July 2013 plea hearing, defendant admitted to possessing cocaine greater than one-half ounce. By the time of his plea hearing, defendant had received a copy of the State's laboratory report and certificate of analysis confirming that the substance analyzed tested positive for cocaine.

A-5537-17T1

On February 18, 2015, defendant pleaded guilty to violating the terms of his special probation, specifically 1) failing to report to probation; 2) failing to keep his probation officer advised of a change of address; 3) testing positive for cocaine; 4) failing to submit to drug or alcohol testing; 5) failing to pay court-imposed financial obligations; and 6) committing a new offense, obstructing the administration of law. On the same date, the court terminated defendant's special probation and sentenced him to fourteen years of imprisonment with fifty-four months of parole ineligibility. Defendant appealed his sentence and we affirmed, State v. Bond, No. A-3694-14 (App. Div. Sept. 13, 2016) (slip op. 1-2). Defendant then filed a petition for certification, which our Supreme Court denied. State v. Bond, 228 N.J. 444 (2016).

In April 2017, defendant filed the petition under review, alleging ineffective assistance of counsel. He alleged his trial counsel failed to challenge the State's lab report despite his urging. According to defendant, the 26.5 grams of cocaine seized from him was in fact not cocaine and was not tested by the lab. He claimed the lab reports were "inconclusive and never resulted in a positive confirmation for [an] illegal substance." Defendant attempted to provide further support for his claim when he certified that, the day before his arrest, he ingested some of the alleged cocaine and realized that he "had purchased an imposter substance."

After considering counsels' briefs and oral argument, the PCR judge denied defendant's petition and his request for an evidentiary hearing. The judge found defendant's claim to be procedurally barred under Rule 3:22-4, which mandates that a claim that could have been brought in prior proceedings cannot permissibly be brought on PCR. Since defendant's claim could reasonably have been raised in a prior proceeding, the judge concluded the claim is therefore procedurally barred.

The PCR judge also reviewed the performance of plea counsel and found no evidence that defendant received ineffective assistance. When he entered his plea in July 2013, defendant was eligible for a discretionary extended term based on his prior convictions. As the PCR judge noted,

> [A]t the time of the plea, [defendant] had [sixteen] felony convictions, [three] parole violations, and was in state prison at least [seven times]. [Defendant] has not shown that he would not have plead guilty and gone to trial had [the second-degree] count been dismissed nor has he shown that he would have insisted on going to trial. As a result of the plea agreement, three third-degree drug possession charges were dismissed and [defendant] was able to attend special probation drug court rather than going to prison.

The judge concluded that defendant's plea counsel was effective for negotiating a plea which provided defendant with the ability to attend Drug Court and receive a lesser sentence of parole ineligibility had he successfully completed drug court. The judge found no basis for an evidentiary hearing, concluding

that defendants "bald assertions" did "not present a prima facie claim of ineffective assistance of counsel."

This appeal followed, with defendant raising the following arguments:

> POINT I - THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF.
>
> A. MR. BOND'S TRIAL AND SENTENCING COUNSEL PROVIDED INEFFECTIVE ASSISTANCE IN FAILING TO CHALLENGE THE RESULTS OF THE STATE'S LABORATORY ANALYSIS OF THE SUBSTANCES SEIZED FROM BOND'S HOME.
>
> B. AN EVIDENTIARY HEARING IS WARRANTED ON THIS MATTER AS THERE IS NO PROPER INQUIRY INTO THE LABORATORY REPORT ON THE RECORD AND MR. BOND HAS ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL.

II

"A petitioner must establish the right to [post-conviction] relief by a preponderance of the credible evidence." State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the petitioner must set forth specific facts that "provide the court with an adequate basis on which to rest its decision." State

v. Mitchell, 126 N.J. 565, 579 (1992).

A defendant must prove two elements to establish a PCR claim that trial counsel was constitutionally ineffective: first, that "counsel's performance was deficient," that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[;]" second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Harris, 181 N.J. 391, 432 (2004) (quoting Strickland, 466 U.S. at 694). To prove the first element, a defendant must "overcome a strong presumption that counsel exercised reasonable professional judgment and sound trial strategy in fulfilling his responsibilities." State v. Nash, 212 N.J. 518, 542 (2013) (quoting State v. Hess, 207 N.J. 123, 147 (2011)). To prove the second element, a defendant must demonstrate "how specific errors of counsel undermined the reliability of the finding of guilt." United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

PCR courts are not required to conduct evidentiary hearings unless the defendant establishes a prima facie case and "there are material issues of

disputed fact that cannot be resolved by reference to the existing record." R. 3:22-10(b). "To establish such a prima facie case, the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997). Speculative assertions are insufficient to establish a prima facie case of ineffective assistance of counsel. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Applying these well-settled standards of review, we affirm the PCR judge's denial of defendant's petition. The judge correctly found the results of the State's laboratory analysis of the substances seized from his home could have been challenged in prior proceedings. Rule 3:22-4 specifies that any ground for relief not raised on direct appeal is barred from assertion in a PCR petition unless the ground for relief could not reasonably have been raised in a prior proceeding, enforcement of the bar would result in fundamental injustice, or the denial of relief would be contrary to the Constitution of the United States or the State of New Jersey. It is a "well-settled principle that 'post-conviction proceedings are not a substitute for direct appeal.'" State v. Mitchell, 126 N.J. 565, 583 (1992) (quoting State v. Cerbo, 78 N.J. 595, 605 (1979)).

The claim defendant seeks to raise – his challenge of the State's laboratory results – could have been asserted in prior proceedings, and he has presented no

basis for concluding his failure to do so constituted excusable neglect. In addition, defendant has not established that his belated claim implicates constitutional rights or that the refusal to consider his contention in the PCR setting would result in a fundamental injustice.

Notwithstanding the application of Rule 3:22-4 to bar the petition under review, the PCR judge also addressed the merits of defendant's claim, concluding "there's nothing in the lab report worth challenging." Defendant contended that the 26.5 grams of cocaine was not tested; however, the judge found his contention lacked merit. The judge noted that "[o]n Number 5 of the certificate of analysis, although very difficult to read, it says 'The following results were obtained . . . #2 positive for cocaine. The actual net weight is 26.5 grams.'"

Lastly, the PCR judge did not abuse his discretion when he denied defendant's request for an evidentiary hearing. Defendant has not shown "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. He was unable to demonstrate the required prejudice. Having failed to establish a prima facie case, defendant was not entitled to an evidentiary hearing. Preciose, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION